**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY IN SECTION 9, TOWN 29 NORTH, RANGE 1 WEST, TOWNSHIP OF CHARLTON, OTSEGO COUNTY, MICHIGAN, ET AL., Defendants.**

No. 87–CV–10338–BC.

United States District Court, E.D. Michigan, Northern Division.

Sept. 25, 1995.

Janet L. Parker, Assistant U.S. Attorney, Bay City, Michigan, for Plaintiff.

Daniel S. Gahagan, Johannesburg, MI, pro se.

Michael J. Gahagan, Johannesburg, MI, pro se.

*ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT BY CLAIMANTS DANIEL S. GAHAGAN AND MICHAEL J. GAHAGAN*

CLELAND, District Judge.

### I. Introduction

Now pending before the court is Claimant Daniel S. Gahagan's Cross–Motion for Summary Judgment, filed on December 5, 1994, in which Claimant Michael J. Gahagan con-

curs. (D.559). The motion argues, inter alia, that this civil forfeiture action is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. It now appears to the court that the claimants' double jeopardy argument is correct and that the plaintiff's case must be dismissed.

## II. Background

This civil forfeiture action has been vigorously litigated by the government and Daniel and Michael Gahagan ("Claimants") for nearly eight years, during which time the law of forfeiture has changed considerably.[1] A review of the extensive history of this litigation is unnecessary. However, the timing of events in this case is important for analyzing the claimant's Double Jeopardy Clause claim.

On September 12, 1986, the government executed a search warrant of Claimants' property. An indictment was filed on May 21, 1987, and, on August 4, 1987, Claimants pleaded guilty to a charge of possessing hashish with intent to distribute. Claimants were sentenced on October 2, 1987. The following month, on November 12, 1987, the government filed this civil forfeiture action. The defendant properties were seized pursuant to court order on December 12, 1987; they have been in the custody of the United States Marshal Service ever since.

## III. Standard

To grant a motion for summary judgment, the court must find that the pleadings, together with the depositions, interrogatories and affidavits on file, establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A party seeking summary judgment bears the initial burdens of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. The nonmoving party must thereafter produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986).

## IV. Discussion

This court's opinion is informed by the Sixth Circuit's recent decision in *United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), holding that a criminal prosecution instituted after a civil forfeiture action violated the Double Jeopardy Clause.[2] In reversing the district court, the Sixth Circuit determined that civil forfeiture constitutes "punishment" for double jeopardy purposes; civil forfeiture and criminal prosecution are punishment for the same offense; and the civil forfeiture of Ursery's property and his criminal prosecution were separate proceedings. The *Ursery* mandate has been stayed pending the United States Supreme Court's determination on the government's petition for certiorari. Nevertheless, this court sees no reason to further delay consideration of Claimants' motion because the forfeiture of their property violates the Double Jeopardy Clause under the analysis employed by either the *Ursery* majority or the dissent.

*Ursery* determined that a civil forfeiture is punishment within the meaning of the Dou-

---

1. As the Ninth Circuit has noted, "A decade ago, the law was clear that civil forfeitures did not constitute 'punishment' for double jeopardy purposes." *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1218 (9th Cir.1994) (citing *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)). "However, as sometimes happens, the Court changed its collective mind." *$405,089.23 U.S. Currency,* 33 F.3d at 1218 (citing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)).

2. This court afforded the government an opportunity to file a supplemental response in light of *Ursery,* but the government failed to file such a response by the deadline set by the court. Instead, on the deadline for filing a supplemental response, the government moved the court to delay consideration of the case at bar pending the United States Supreme Court's denial of certiorari in *Ursery* or, if certiorari is granted, its decision on the merits. This court declines to take such a course.

ble Jeopardy Clause, and that a civil drug forfeiture is punishment for the underlying criminal offense; this court agrees. "[U]nder [United States v.] Halper [, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) ] and Austin [v. United States, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) ], any civil forfeiture under 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes." Ursery, 59 F.3d at 573. "[T]he forfeiture and conviction are punishment for the same offense because the forfeiture necessarily requires proof of the criminal offense." Ursery, at 574.

Ursery also noted that the United States Supreme Court has made it clear that the government may "seek[ ] and obtain[ ] both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding." Ursery, at 574 (quoting Halper, 490 U.S. at 450, 109 S.Ct. at 1902). The majority and dissent disagreed, however, over whether the civil forfeiture and the criminal prosecution in Ursery constituted the same proceeding. The Ursery majority held that the Double Jeopardy Clause may be violated even where the second action was commenced before the first was concluded; however, the majority did not articulate a clear test for determining when the criminal prosecution and civil forfeiture constitute separate proceedings. This court adopts the analysis articulated by the Ursery dissent, which focused on the timing of the civil and criminal proceedings in concluding that Ursery's conviction did not offend the Double Jeopardy Clause: "I believe that the timing of the civil and criminal proceedings and the potential for government abuse of those proceedings are the central factors in assessing the double jeopardy concerns in this case." Ursery, at 577 (Milburn, dissenting). "[T]he Double Jeopardy Clause offers protection when the government has already imposed a penalty, either civil or criminal, and seeks to impose further punishment out of dissatisfaction with the earlier result." Id. at 576 (quoting United States v. Halper, 490 U.S. 435, 451 n. 10, 109 S.Ct. 1892, 1903 n. 10, 104 L.Ed.2d 487 (1989)). This court is persuaded by Judge Milburn's analysis and concludes that the timing of the actions should be the cen-tral factor in determining whether the Double Jeopardy Clause has been offended. Judge Milburn's test obviates the need for case-by-case, fact-bound analysis of Double Jeopardy Claims and allows the government to determine with certainty whether a subsequent action is barred by the Double Jeopardy Clause; if the first action has concluded, a second action is barred. . Judge Milburn's test also, in this court's view, upholds the rights secured by the Double Jeopardy Clause while still allowing the government to seek and obtain all Congressionally-authorized penalties.

In Ursery, the government filed its forfeiture complaint against Ursery's property on September 30, 1992. On February 5, 1993, while the forfeiture action was still pending, Ursery was indicted. · He settled the forfeiture suit on May 24, 1993, while his criminal case was still pending. On July 2, 1993, Ursery was convicted after a jury trial; he was sentenced on January 19, 1994. In the case at bar, the second proceeding was instituted only after the first proceeding was concluded; the government filed the civil forfeiture action after Claimants had been convicted and sentenced. Accordingly, the case at bar is precisely the type of case in which Judge Milburn believed the Double Jeopardy Clause should bar the second action. There can be little doubt that under the majority ruling in Ursery, as well as under the analysis articulated by the dissent, Claimants' motion for summary judgment must be granted.

The court also notes that, although there is a circuit split on the interpretation of the Double Jeopardy Clause, all three other circuits that have addressed the issue would find a violation of the Double Jeopardy Clause where, as here, the civil forfeiture proceeding was not instituted until after conviction and imposition of sentence in the criminal case. In the most recent of these, United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), the Ninth Circuit ruled that a criminal prosecution and civil forfeiture action based on the same offense must be brought in the same indictment. In that case, the government instituted a civil forfeiture action five days after the grand jury issued a superseding indictment in the

parallel criminal case, and the district court effectively stayed the civil forfeiture action pending the completion of the criminal case. The Ninth Circuit reversed the district court's entry of summary judgment in favor of the government, stating, "A forfeiture case and a criminal prosecution would constitute the same proceeding only if they were brought in the same indictment and tried at the same time." *Id.* at 1216. While this court disagrees with the Ninth Circuit's rather stringent interpretation of the Double Jeopardy Clause, there can be no doubt that the case at bar would be barred by double jeopardy under that court's opinion in *$405,-089.23 U.S. Currency.*

In *United States v. One Single Family Residence,* 13 F.3d 1493 (11th Cir.1994), the Eleventh Circuit held that the Double Jeopardy Clause did not bar the civil forfeiture action where the forfeiture proceeding was instituted prior to the indictment but concluded after the conviction. The Eleventh Circuit found the timing of the actions dispositive, stating that, because both actions were commenced before either was concluded, there was no indication that "the government acted abusively by seeking a second punishment because of dissatisfaction with the punishment levied in the first action." *Id.* at 1499. Of course, there is such a problem in the case at bar, where the government sought civil forfeiture only after sentencing for the criminal offense. This court does not hold that the government sought civil forfeiture in the case at bar "because of dissatisfaction with the punishment levied in the first action"; there is no evidence of that and, even if there were, no such finding could be made on a summary judgment motion. However, where, as here, the second action is instituted only after the conclusion of the first, Claimants should not be required to show that the government acted with improper motive. The timing alone is sufficient to cast a fatal shadow over the government's actions.

In *United States v. Millan,* 2 F.3d 17 (2d Cir.1993), the Second Circuit affirmed the district court's denial of a motion to dismiss an indictment on double jeopardy grounds where the civil forfeiture was instituted before the indictment and settled before trial of the criminal action. The Second Circuit noted "one of the *Halper* Court's concerns was that the government might act abusively by seeking a second punishment when it is dissatisfied with the punishment levied in the first action." *Id.* at 20 (citing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)). "That problem is obviously not present in the instant case, because the civil and criminal actions were contemporaneous, and not consecutive." *Millan,* 2 F.3d at 20. The problem identified by *Halper* and *Millan* is present in the case at bar; for that reason, Claimants' motion for summary judgment must be granted.

### V. Conclusion

Claimant Daniel S. Gahagan's Cross–Motion for Summary Judgment, filed on December 5, 1994, in which Claimant Michael J. Gahagan concurs, is hereby GRANTED.

IT IS SO ORDERED.